### HOLDING v COREY et

Ohio Appeals, 9th Dist, Summit Co

Decided April 8, 1936

L. M. Bertsch, Akron, for plaintiff in error.

C. B. Macdonald, Akron, for defendant in error.

HAMILTON, ROSS and MATTHEWS, JJ, (1st Dist) sitting by designation.

### OPINION

By HAMILTON, J.

The action of plaintiff, George W. Holding, was predicated upon the refusal of the judges of his precinct in the city of Akron, Ohio. to give him a Republican ticket and permit him to vote a Republican ticket at the Republican primary election, held on August 14, 1934. His prayer is for a money judgment as damages.

A demurrer to the petition was sustained, and plaintiff not desiring to plead further, judgment was rendered dismissing the petition.

The question for determination here is: Did the trial court commit reversible error in sustaining the demurrer?

Plaintiff alleges in his petition that in 1932 at the general election he voted for a majority of the Republican candidates. He then alleges that in the 1933 primary election he voted the Democratic ticket. He was entitled to vote the Democratic ticket at the 1933 primary, provided he had voted for a majority of the candidates of the Democratic party at the preceding general election in 1932. §4785-82, GC. He knew the law at that time, and his act of voting at the Democratic primary in 1933, carrying with it the requirement of his vote at the preceding general election of voting for a majority of the Democratic candidates, fully justified the judges in refusing him the right to vote at the Republican primary. His actions and conduct speak louder than his words. The precinct judges had a right to so consider.

Moreover, the suit is not against the judges, who possesed the sole right to pass upon his right to vote, but is against members of the Board of Elections of Summit County. who, he alleges, caused instructions to be sent to the precinct officials to the effect that citizens in the circumstances of plaintiff were not entitled to vote; and that it was in consequence of these instructions that he was denied the right to vote, and charges the defendants with deliberate maladministration. All that can be claimed for these allegations is that the defendants knowingly and wrongfully advised the precinct officials. There is no charge of a conspiracy with the precinct officials. They were not bound to follow the advice. Under §4785-84, GC, the precinct officials are given final authority to reject the vote, and the rejection complained of was as to acts done by these officials and not by the defendants.

Further, plaintiff's action is not predicated on personal or property damages. He may have been injured in his feelings, or denied a personal right. Since there is no precedent or authority for bringing such

an action as here instituted, ▮▮▮▮▮▮ we are of opinion that under the allegations of the petition the rule ex damno absque injuria non oritur actio applies.

The demurrer was properly sustained, and the judgment is affirmed.

Judgment affirmed.

ROSS, PJ, and MATTHEWS, J, concur.